# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20008
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 9, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRADLEY ALLEN SPARKMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-182-1

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:*

Bradley Allen Sparkman appeals his guilty plea conviction for being a felon in possession of a firearm and his resulting 120-month sentence. Sparkman now argues that his guilty plea was unknowing and involuntary because it was induced by counsel's ineffective assistance, specifically, incorrect advice and misleading promises about the sentence he would receive.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He also complains that the district court erred in failing to hold an evidentiary hearing on his pro se request to withdraw his plea.

This court generally will not consider the merits of an ineffective assistance of counsel claim on direct appeal. *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). A 28 U.S.C. § 2255 motion "is the preferred method" for raising such a claim. *United States v. Bishop*, 629 F.3d 462, 469 (5th Cir. 2010) (internal quotation marks and citation omitted). Contrary to Sparkman's assertion, the instant case is not one of the "rare cases" warranting review on direct appeal as the ineffective assistance claim was not raised and developed in a post-trial motion to the district court. *See Isgar*, 739 F.3d at 841; *United States v. Stevens*, 487 F.3d 232, 245 (5th Cir. 2007).

Additionally, although Sparkman made several pro se statements indicating that he wished to withdraw his plea based on his alleged misunderstanding of the plea agreement and sentencing exposure, Sparkman was represented by counsel, was not entitled to hybrid representation, and was not entitled to file pro se motions. *Cf. United States v. Ogbonna*, 184 F.3d 447, 449 n.1 (5th Cir. 1999) (discussing pro se briefs on appeal when an appellant is represented by counsel). The court responded to his numerous complaints by appointing new counsel, and none of the multiple attorneys who represented Sparkman throughout the district court proceedings thought it reasonable to file a formal motion to withdraw the plea. Appellate counsel's newly raised complaint about the need for an evidentiary hearing is inextricably intertwined with the assertion that Sparkman's plea was involuntary due to trial counsel's alleged erroneous advice, which question is best left to § 2255 relief. *See Isgar*, 739 F.3d at 841; *Bishop*, 629 F.3d at 469.

Accordingly, the district court's judgment is AFFIRMED without prejudice to Sparkman's right to raise his ineffective assistance of counsel claims in a § 2255 motion.